UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY R. LESCH, Class Representative,

                       Plaintiff,

v.                                                Civ. Action No.
                                                3:09-CV-0449 (GTS/DEP)
THOMAS J. McAVOY, UNITED STATES
DISTRICT JUDGE,

                                                USCA Case No. 09-3144

                    Defendant.
_____

APPEARANCES:

ANTHONY R. LESCH
  Petitioner, *Pro Se*
FCC Medium
PO Box 90042
Petersburg, VA 23804

HON. GLENN T. SUDDABY, United States District Judge

## APPLICATION FOR LEAVE TO CORRECT CLERICAL MISTAKE

      The Court has become aware of a clerical mistake arising from an oversight in its Decision and Order of July 1, 2009, in the above-captioned action. Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the Court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission." Fed. R. Civ. P. 60(a). However, once an appeal has been docketed in an appellate court, the correction may be made only with the leave of the appellate court. *Id*. Here, an appeal from the Court's Decision and Order of July 1, 2009, has been docketed in the United States Court of Appeals for the Second Circuit. As a result, the Court applies to the Second Circuit for leave to correct the referenced clerical mistake, discussed below.

      Simply stated, the oversight in question consists of the Court's failure to recognize that Petitioner's federal criminal conviction, which is the subject of this liberally construed habeas

corpus proceeding, occurred on January 29, 2003, in the United States District Court for the Northern District of New York, while the undersigned was serving as the United States Attorney for the Northern District of New York.  Had the Court noticed that fact, it would have immediately issued an Order of recusal, as the Court has consistently done in similar circumstances since the undersigned took the bench nearly a year ago.  The undersigned only recently became aware of the oversight when it was discovered and relayed by the Office of the Acting United States Attorney.

While the undersigned has no independent recollection of, and was not directly involved in, Petitioner's underlying criminal conviction, the undersigned nevertheless finds that, in the interest of justice, he should not have presided over his habeas corpus proceeding.  Should the current application be granted, the undersigned intends to issue an Order vacating his Decision and Order of July 1, 2009, reinstating Petitioner's motions for a decision and order, recusing himself from this action, and directing the Clerk's Office to promptly reassign this action to another District Judge in this District.

**ACCORDINGLY**, it is

**ORDERED** that the Court *sua sponte* applies to the Second Circuit for leave to correct a clerical mistake arising from an oversight in this Court's Decision and Order of July 1, 2009, pursuant to Fed. R. Civ. P. 60(a); and it is further

**ORDERED** that the Clerk's Office shall docket the Application in this action, and transmit the Application to the Second Circuit, pursuant to Fed. R. Civ. P. 60(a).

Dated: September 14, 2009
     Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge