UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~

ANTHONY R. LESCH,

                           Petitioner,

      vs.                                     3:09-CV-00449
                                                       (DNH/DEP)
THOMAS J. McAVOY,

                           Respondent.

~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

ANTHONY R. LESCH
Petitioner, *pro se*
FCC Medium
PO Box 90042
Petersburg, VA 23804

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

      Anthony R. Lesch, ("Lesch" or "petitioner"), petitioner, pro se, has filed a petition, together with an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1 and 4. Lesch is presently incarcerated at the Federal Correctional Complex in Petersburg, Virginia (Dkt. No. 2 ¶ 1), having entered a plea of guilty to production of child pornography in violation of 18 U.S.C. § 2251(a), in this Court on January 29, 2003. Petitioner agreed to forfeiture of all right, title, and interest in the property seized pursuant to the Preliminary Order of Forfeiture.[1] *See United States v. Lesch*, No. 3:02:-CR-0401(McAvoy, J.), Criminal

---

[1] While these facts do not appear on the face of the complaint, judicial notice has been taken of the records of petitioner's prior criminal proceeding in this Court. Federal Rule of Evidence 201(b) provides, in part, that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is

(continued...)

Minutes: Change of Plea (Dkt. No. 12), Preliminary Order of Forfeiture (Dkt. No. 14), Final Order of Forfeiture (Dkt. No. 21), Criminal Sentencing Minutes (Dkt. No. 31) and Judgment (Dkt. No. 30).[2] Petitioner styles this action as a "Petition in Pursuit of the Writ of Prohibition Supported by a Federal Question" challenging the constitutionality of 18 U.S.C. § 3231 and 28 U.S.C. § 2255. Dkt. No. 1. Lesch also states that the petition is filed pursuant to 28 U.S.C. §§ 1331, 1651, and 1653, and *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971) and Federal Rule of Civil Procedure 23(a), relating to class actions. The only named respondent is Thomas J. McAvoy, ("Judge McAvoy") a senior judge of this District Court who presided over Lesch's criminal proceeding. In the petition, Lesch seeks to overturn his plea agreement and judgment of conviction, and seeks an order directing his release from a void judgment on the grounds that 18 U.S.C.

§ 3231, and 28 U.S.C. §§ 2241 and 2255 are unconstitutional and void. In a subsequently filed document entitled "Motion for Supplemental Writ of Prohibition to Protect from the Act

---

[1](...continued)
. . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b). Fed. Rule Evid. 201(c) further provides that: "[a] court may take judicial notice, whether requested or not," and according to Rule 201(b), may do so at any stage of the proceeding. It is appropriate for the court to take judicial notice of public records. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)). Indeed, "the court has the right to examine its own records and take judicial notice thereof in regard to a proceedings formerly had therein by one of the parties to the proceedings now before it." *Dimmick v. Tompkins*, 194 U.S. 540, 548, 24 S. Ct. 780, 782 (1904).

[2] On January 21, 2009, Lesch filed an application to proceed *in forma pauperis* along with a petition against the United States, the State of New York and the City of Binghamton seeking money damages for the property that he forfeited as part of the plea agreement. *Lesch v. United States, et. al*, No. 09-CV-0077, Petition (Dkt. No. 1). By Decision and Order dated April 3, 2009, the Court dismissed that action on the grounds, *inter alia*, that it was frivolous, and judgment was entered accordingly. *Id.* at Dkt. Nos. 4 and 5. Lesch subsequently moved for reconsideration, which the Court denied, and then filed a notice of appeal. *Id.* at Dkt. Nos. 6, 11, and 12. Upon his application, Lesch was granted leave to proceed IFP with regard to the appeal . *Id.* at Dkt. No. 15. The appeal remains pending.

of Unclean Hands" petitioner appears to demand essentially the same relief. Dkt. No. 2. For the reasons discussed below, the petition must be dismissed.

## II. BACKGROUND

As noted above, Lesch entered a guilty plea to the charge of production of child pornography and agreed to forfeiture of the property at issue. He was represented by counsel throughout the criminal proceeding. Petitioner entered a plea on January 29, 2003. The court's minutes reflect that at the time of sentencing Lesch was advised of his constitutional rights and was questioned regarding his background, education, and understanding. *Lesch*, 3:02-CR-0401(McAvoy, J.), Criminal Minutes: Change of Plea (Dkt. No. 12). Petitioner was advised of the consequences of his plea, and was questioned regarding his willingness to plead guilty, He was advised of the maximum penalties and the proof to be offered if the case were to go to trial. *Id.* Sentencing took place on August 14, 2003, and the judgment was entered on August 15, 2003. *Id.* at Dkt. No. 30. On March 2, 2009, plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds, *inter alia*, that the court lacked jurisdiction. He also filed a document entitled "Motion Submitting a Federal Question Challenging the Constitutionality of 28 U.S.C. § 2255(f).[3] *Id.* at Dkt. No. 43. The United States has opposed Lesch's motion. *Id.* at Dkt. No. 44. Lesch's section 2255 motion remains pending before Judge McAvoy.

---

[3] Lesch subsequently filed a document styled as a "Motion Alleging Unclean Hands Under the Unclean Hands Doctrine". *Lesch*, 3:02-CR-0401 (McAvoy, J.) (Dkt. No. 47) similar to the motion that he has filed in this action (Dkt. No. 2).

### III. MOTION TO PROCEED *IN FORMA PAUPERIS*

As to petitioner's *in forma pauperis* ("IFP") application, after careful review of petitioner's IFP application, the Court finds that petitioner qualifies for IFP status. Petitioner's request for permission to proceed *in forma pauperis* in this action is therefore granted.

### IV. PETITION

Since petitioner meets the financial criteria for commencing this case *in forma pauperis*, the sufficiency of the allegations set forth in his pleading in light of 28 U.S.C. § 1915(e) will now be considered. Section 1915(e) directs that when a petitioner seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the Court has a gate keeping responsibility to determine that a complaint may be properly maintained in this District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.*

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). There is nonetheless an obligation on the part of the court to determine that a claim is not frivolous before permitting a petitioner to proceed. *See Fitzgerald v. First East*

*Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).  An action is "frivolous" under section 1915 if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, No. 3:99-MC-304, 1999 WL 1067841, at * 2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

In this action, Lesch invokes the All Writs Act, 28 U.S.C. § 1651.[4]  "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  *Pa. Bureau of Corr. v. U.S.*

---

[4] Lesch also states that the petition is filed pursuant to 28 U.S.C. §§ 1331 and 1653 and *Bivens v. Six Unknown Federal Narcotic Agents* and Federal Rule of Civil Procedure 23(a), relating to class actions. Section 1331 does not provide any basis for relief, but grants district courts original jurisdiction of federal questions.  Similarly, section 1653 provides for the amendment of pleadings to show jurisdiction.  *Bivens* is inapplicable.  In *Bivens*, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67, 122 S. Ct. 515, 519 (2001) (discussing the origin of *Bivens* claims). *Bivens* actions, although not precisely parallel, are the federal analog to section 1983 actions against state actors.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987).  Lesch is not seeking damages or other relief for a violation of his constitutional rights, and even if he were, Judge McAvoy is immune from such relief. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994), *cert. denied* 514 U.S. 1102, 115 S. Ct. 1837 (1995) ("Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction.") (quoting *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1217 (1967)).  Lesch's claim, rather than for redress for violation of his constitutional rights, appears to be that he should be released from prison because the statutes upon which he was convicted are unconstitutional.  Finally, Rule 23(a) has no apparent relevance to Lesch's petition; he has not sought, nor does there appear to be any basis for, class certification.

*Marshal Serv.*, 474 U.S. 34, 43, 106 S. Ct. 355, 361 (1985).[5] A writ under the Act is not available to a petitioner who is in custody and thus able to pursue direct review or collateral relief by means of a writ of habeas corpus. *Garcia v. United States*, Nos. 97 Civ. 2962, S2 90 Cr. 890, 2009 WL 484435, at * 3 (S.D.N.Y. Feb. 24, 2009). Lesch is in custody and "is challenging the very basis and constitutionality of his conviction, and has addressed his Motion for relief to the sentencing Court. Thus, § 2255 is the appropriate avenue for relief, and the All Writs Act is not applicable." *United States v. Smith*, No. 92-CR-0262, 2006 WL 3063470, at *2 n.1 (N.D.N.Y. Oct. 25, 2006) (Kahn, J.) (citing *Wright v. United States*, 202 F. Supp.2d 471, 475 (W.D.N.C. 2002)).

Furthermore, there is no basis for Lesch to have named Judge McAvoy as a respondent in this action. 28 U.S.C. § 2255 provides, in relevant part, that

> [a] prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Any request for relief from his conviction is thus appropriately addressed to, and not against, Judge McAvoy.

---

[5] An inmate cannot employ the All Writs Act "to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[ Pub. L. No. 104-132]". *Persaud v. United States*, No. 09-CV-0129, 2009 WL 136027, at *2 (E.D.N.Y. Jan. 20, 2009) (Amon, J) (citing *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007)). The AEDPA amended 28 U.S.C. § 2255 to provide that '[a] second or successive motion [for habeas corpus] must be certified as provided in section 2244 by a panel of the appropriate court of appeals.'" *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997). Lesch's section 2255 motion, though not yet determined, was filed on March 2, 2009, before this petition was filed.

## V. CONCLUSION

Lesch has available, and indeed pending in this Court, a motion to vacate his conviction, and therefore is precluded from relying on the All Writs Act to collaterally attack his conviction. In addition, there is no basis for filing this action against Judge McAvoy, the sentencing judge and the judge before whom Lesch's section 2255 motion is pending.

For all of the foregoing reasons, petitioner's action must be dismissed.

THEREFORE, it is

ORDERED that

1. Petitioner's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED;[6]

2. The petition is DISMISSED in its entirety; and

3. The Clerk is directed to serve a copy of this Order on the petitioner by regular mail.

IT IS SO ORDERED.

Dated:   November 25, 2009
         Utica, New York.

United States District Judge

---

[6] Petitioner should note that although the application to proceed *in forma pauperis* has been granted, he would still be required to pay other fees that he might incur in this action, including copying and/or witness fees, if the action were to proceed forward.